UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN STEELE,

        Plaintiff,

  v.                                       Case No. 12-C-923

M. BAENEN, et al.,

        Defendants.

## DECISION AND ORDER

Following the Defendants' motion for summary judgment, the *pro se* Plaintiff has filed a flurry of motions. Among these are motions for the appointment of counsel, motions to waive copy fees, a motion to compel answers to interrogatories, a motion to stay consideration of the Defendants' summary judgment motion, and a motion for an extension of time due to a hand injury he sustained.

None of these motions can be addressed in a vacuum. The Plaintiff's complaint is based on the allegation that the Defendants were deliberately indifferent to his allergy to tomatoes. The Defendants' motion is premised largely on the allegation that Plaintiff repeatedly refused allergy testing and treatment (at one point, spitting out a dose of Benadryl) and that the only test on file showed he was *not* allergic to tomatoes. Despite the negative test, Dr. Heidorn ordered a tomato-free diet to assuage the Plaintiff's concerns.

If the Defendants' allegations are true, the Plaintiff will not be able to show deliberate indifference because the Defendants' course of conduct was eminently reasonable, particularly in

light of what is alleged about the Plaintiff's own course of conduct, which was obstructive and boorish (again, assuming the allegations are true). When an inmate refuses repeated attempts to test for allergies, and then refuses doctor and nurse office visits, the inmate cannot later claim that the prison staff was deliberately indifferent. If there is any deliberate indifference, it would seem to be on the Plaintiff's side. Plaintiff's case appears to center on his suggestion that he should be allowed to do a "food challenge," a process by which allergies are diagnosed and sometimes overcome, but the Constitution does not require that prison officials undertake expensive and particular courses of treatment unless sound medical practice requires it. Here, the allegation is that medical staff crafted appropriate methods of protecting the Plaintiff from tomatoes and attempted to diagnose his allergy.

In short, the Plaintiff must respond to these allegations. He does not need counsel, interrogatories, more time or more photocopies to counter the allegations set forth in the Defendants' brief and filings. Plaintiff is thus directed to focus his efforts on responding to the factual allegations in the case—of which he has personal knowledge—rather than filing multiple other documents that side-step the issue. Plaintiff's motion [60] for an extension of time will be **GRANTED**; he will be allowed an extension of time to complete his response, which will be due August 30, 2013. All of Plaintiff's other motions are **DENIED** without prejudice, meaning that matters may be revisited if the Defendants' motion for summary judgment is denied.

**SO ORDERED** this   10th   day of July, 2013.

  s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court